**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTONIO FRANCISCO PABLO, et al., | No. 10-70451 |
| Petitioners, | Agency Nos. A076-861-484 |
| | A078-368-597 |
| v. | A078-368-598 |
| | A078-368-599 |
| ERIC H. HOLDER Jr., Attorney General, | A099-360-720 |
| Respondent. | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2012**

Before:    RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Antonio Francisco Pablo and his four sons, natives and citizens of

Guatemala, petition for review of the Board of Immigration Appeals' order

dismissing their appeal from an immigration judge's ("IJ") decision denying

Francisco Pablo's application for asylum, withholding of removal, and relief under

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings and review de novo legal determinations. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We dismiss in part and deny in part the petition for review.

We dismiss Francisco Pablo's contention that the IJ incorrectly characterized the reason he is afraid to return to Guatemala because this argument was not exhausted before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

Francisco Pablo does not argue that he suffered past persecution, but instead that he will be persecuted in Guatemala in the future. Substantial evidence supports the agency's finding that Francisco Pablo failed to establish an objective, well-founded fear of future persecution on account of a protected ground. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (no objective future fear where petitioner submitted no specific evidence to support her fear that the Communist party would regain power in the Ukraine and kill her). Substantial evidence also supports the IJ's denial of relief because Francisco Pablo remained unharmed in Guatemala after he was discharged from the Civil Patrol. *See Castillo v. INS*, 951 F.2d 1117, 1122 (9th Cir. 1991) (concluding that petitioner failed to establish a well-founded fear where he remained in Nicaragua for five years

without incident after being subject to government interrogation on four separate occasions). Accordingly, Francisco Pablo's asylum claim fails.

Francisco Pablo did not challenge the agency's findings regarding withholding of removal or CAT relief. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (holding that petitioner waived withholding of removal and CAT claims when he failed to raise them in his brief). Accordingly, we deny the petition as to these claims.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**